UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

RONALD G. CHEEK                                    CIVIL ACTION

VERSUS                                            NO. 24-2137

CONLIN STREET LLC                                 SECTION M (5)

**ORDER & REASONS**

Before the Court is a motion to fix attorney's fees and costs filed by plaintiff Ronald G.

Cheek.[1]  The motion is set for submission on June 26, 2025.[2]  Local Rule 7.5 of the United States

District Court for the Eastern District of Louisiana requires that a memorandum in opposition to a

motion be filed no later than eight days before the noticed submission date, making the deadline

in this instance June 18, 2025.  Defendant Conlin Street LLC ("Conlin Street"), who has not made

an appearance in this matter, did not file an opposition to the motion.  Having considered the

plaintiff's motion and memoranda (along with the attached exhibits and declarations), the record,

and the applicable law, and because the motion is unopposed and has merit, the Court grants the

motion.

I.      **BACKGROUND**

On August 29, 2024, Cheek brought this action alleging violations of the Americans with

Disabilities Act (the "ADA"), 42 U.S.C. §§ 12101-12213, and the Louisiana Commission on

Human Rights, La. R.S. 51:2231-2265, at a medical office building owned by Conlin Street.[3]  After

Conlin Street failed to answer or object to Cheek's amended complaint within 21 days of receiving

---

[1] R. Doc. 17.
[2] R. Doc. 17-2.
[3] R. Doc. 1.

proper service,[4] the clerk of court entered Conlin Street's default.[5]  On May 13, 2025, this Court entered final judgment in Cheek's favor, ordering Conlin Street to bring its property into compliance with ADA regulations and awarding Cheek $10,000 in damages as well as reasonable fees and costs.[6]  Cheek now moves to fix the amount of attorney's fees and costs.[7]

## II.    LAW & ANALYSIS

Section 12205 of the ADA provides that:

> In any action or administrative proceeding commenced pursuant to this chapter, the court or agency, in its discretion, may allow the prevailing party, other than the United States, a reasonable attorney's fee, including litigation expenses, and costs, and the United States shall be liable for the foregoing the same as a private individual.

42 U.S.C. § 12205.  The Fifth Circuit "has consistently acknowledged in civil rights cases 'that a prevailing plaintiff ordinarily is to be awarded attorney's fees in all but special circumstances.'" *Deutsh v. Jesus Becerra, Inc.*, 668 F. App'x 569, 570 (5th Cir. 2016) (quoting *Dean v. Riser*, 240 F.3d 505, 508 (5th Cir. 2001)).  A plaintiff is the "prevailing" party in an ADA case "'when actual relief on the merits of his claim materially alters the legal relationship between the parties by modifying the defendant's behavior in a way that directly benefits the plaintiff.'"  *Id.* (quoting *Lefemine v. Wideman*, 568 U.S. 1, 4 (2012)).  "'An injunction or declaratory judgment, like a damages award, will usually satisfy that test.'"  *Id.* (alteration omitted) (quoting *Lefemine*, 568 U.S. at 4).  Prevailing plaintiffs under the ADA are thus "'presumptively entitled to reasonable attorney's fees, unless a showing of special circumstances is made that would deem such an award unjust.'"  *Id.* (internal quotation marks omitted) (quoting *Dean*, 240 F.3d at 508).

---

[4] R. Doc. 4.
[5] R. Doc. 9.
[6] R. Doc. 16 at 3.
[7] R. Doc. 17.

Cheek is the prevailing party in this action[8] and, as such, is presumptively entitled to reasonable attorney's fees. *Id.* In evaluating the reasonableness of Cheek's request for attorney's fees, the Court will first determine the "lodestar." In calculating the lodestar, a court must determine the number of hours reasonably expended on the litigation, multiplied by a reasonable hourly rate. *La. Power & Light Co. v. Kellstrom*, 50 F.3d 319, 324 (5th Cir. 1995). As the party requesting fees, Cheek bears the burden of establishing the reasonableness of the fees he requests by submitting adequate documentation – namely, time records, affidavits, and the like. *Hensley v. Eckerhart*, 461 U.S. 424, 437 (1983) (observing that "the fee applicant bears the burden of establishing entitlement to an award and documenting the appropriate hours expended and hourly rates"); *Who Dat Yat Chat, LLC v. Who Dat, Inc.*, 838 F. Supp. 2d 516, 518 (E.D. La. 2012). "After the calculation of the lodestar, the burden then shifts to the party opposing the fee to contest the reasonableness of the hourly rate requested or the reasonableness of the hours expended 'by affidavit or brief with sufficient specificity to give fee applicants notice' of the objections." *Who Dat Yat Chat*, 838 F. Supp. 2d at 519 (quoting *Rode v. Dellarciprete*, 892 F.2d 1177, 1183 (3d Cir. 1990)). The lodestar determination is presumed reasonable but may be adjusted upward or downward depending on the weight a court assigns to the various factors identified in *Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714, 717-19 (5th Cir. 1974).[9]

---

[8] *See* R. Doc. 16 at 3.

[9] The *Johnson* factors are: (1) time and labor required; (2) novelty and difficulty of issues; (3) skill required; (4) loss of other employment in taking the case; (5) customary fee; (6) whether the fee is fixed or contingent; (7) time limitations imposed by client or circumstances; (8) amount involved and results obtained; (9) counsel's experience, reputation, and ability; (10) case undesirability; (11) nature and length of relationship with the client; and (12) awards in similar cases. However, the Supreme Court and Fifth Circuit have stated that several of the *Johnson* factors – namely, the complexity of the issues, the results obtained, the special skill and experience of counsel, and the preclusion of other employment – are fully reflected and subsumed in the lodestar amount. *See Pennsylvania v. Del. Valley Citizens' Council for Clean Air*, 478 U.S. 546, 565 (1986); *Shipes v. Trinity Indus.*, 987 F.2d 311, 322 (5th Cir. 1993).

Cheek requests $12,354.25 in attorney's fees, plus $2,031.57 in litigation costs, for a total fee-and-cost award of $14,385.82.[10]  Cheek was represented in this litigation by three attorneys of Bizer & DeReus, LLC ("Bizer & DeReus"): Andrew Bizer, an attorney in his twenty-first year of practice, who was billed at a rate of $350 per hour; Garret DeReus, an attorney in his twelfth year of practice, who was billed at a rate of $275 per hour; and Eva Kalikoff, an attorney in her fourth year of practice, who was billed at a rate of $250 per hour.  Bizer & DeReus's paralegals were billed at a rate of $100 per hour.[11]  "An attorney's requested hourly rate is prima facie reasonable when he requests that the lodestar be computed at his or her customary billing rate, the rate is within the range of prevailing market rates, and the rate is not contested."  *Martinez v. Refinery Terminal Fire Co.*, 2016 WL 4594945, at *7 (S.D. Tex. Sept. 2, 2016) (citing *Kellstrom*, 50 F.3d at 328).  While an attorney's affidavit alone cannot support a rate's reasonableness, *see Blum v. Stenson*, 465 U.S. 886, 896 n.11 (1984) (observing that "the burden is on the fee applicant to produce satisfactory evidence – in addition to the attorney's own affidavits – that the requested rates are in line with those prevailing in the community for similar services by lawyers of reasonably comparable skill, experience, and reputation"), courts in the Fifth Circuit also employ their "'own knowledge and experience concerning reasonable and proper fees and may form an independent judgment with or without the aid of witnesses as to value.'"  *Johnson v. Big Lots Stores, Inc.*, 639 F. Supp. 2d 696, 702 n.1 (E.D. La. 2009) (quoting *Campbell v. Green*, 112 F.2d 143, 144 (5th Cir. 1940)).

The hourly rates of Cheek's attorneys fall within the range of rates allowed by other courts in this district.  *See, e.g., Hyginus v. Ochsner Clinic, LLC*, 2025 WL 886768, at *3 (E.D. La. Mar. 21, 2025) (approving hourly rates of $400 for partner with 26 years of experience and $250 for an

---

[10] R. Doc. 17-1 at 7.
[11] R. Docs. 17-1 at 4; 17-8 at 9.

4

associate with approximately five years of experience concentrating in labor and employment law); *Dixon v. Taqueria LA 20 L.L.C.*, 2025 WL 624039, at *2 (E.D. La. Feb. 26, 2025) (approving $275 per hour for an attorney with over eleven years of experience); *MGMTL, LLC v. Strategic Tech. Inst., Inc.*, 2025 WL 958208, at *13 (E.D. La. Mar. 31, 2025) (finding $125 to be a reasonable hourly rate for paralegals). Cheek has provided documentation of the hours expended by his attorneys on this case[12] and asserts that they "have exercised 'billing judgment' by reducing or striking unproductive, excessive, and duplicative hours from their claimed fees."[13] Because the rates charged are consistent with the prevailing hourly rates for attorneys of similar experience in the area and the records provided by Cheek confirm that his attorneys exercised billing judgment, the total amount of attorney's fees requested by Cheek is reasonable. Cheek does not argue that an upward or downward adjustment is warranted by any of the *Johnson* factors.[14] Thus, considering that Cheek's motion is unopposed, and because the Court finds the rates charged and hours expended are reasonable and no adjustment is warranted, the Court awards Cheek the full $12,354.25 requested for attorney's fees.

Cheek also requests $2,031.57 in litigation costs. "Reasonableness remains the touchstone for an award of either costs or litigation expenses. Whether 'expenses are reasonable is committed to the sound discretion of the trial judge,' even when recovery is authorized by statute." *Gilmore v. Audubon Nature Inst., Inc.*, 353 F. Supp. 3d 499, 517 (E.D. La. 2018) (quoting *Associated Builders & Contractors of La., Inc. v. Orleans Par. Sch. Bd.*, 919 F.2d 374, 380 (5th Cir. 1990)). "Before the court can tax costs, it must find that the costs were necessarily incurred in the litigation and this finding must be based on 'some proof of the necessity.'" *Id.* (citing *Holmes v. Cessna*

---

[12] *See* R. Doc. 17-8.
[13] R. Doc. 17-1 at 6.
[14] *Id.*

*Aircraft Co*., 11 F.3d 63, 64 (5th Cir. 1994)).  The costs requested here include filing fees, mailing and service costs, and expert costs.[15]  Each of these litigation expenses was necessarily and reasonably incurred.  *See, e.g., id.*  Thus, the Court also awards Cheek the full $2,031.57 requested for costs.

## III.    CONCLUSION

Accordingly, for the foregoing reasons,

IT IS ORDERED that Cheek's motion to fix attorney's fees and costs (R. Doc. 17) is GRANTED, and the amount of the total fee-and-cost award is fixed as $14,385.82.

New Orleans, Louisiana, this 19th day of June, 2025.

BARRY W. ASHE
UNITED STATES DISTRICT JUDGE

---

[15] *See* R. Doc. 17-8 at 8.  For purposes of the ADA, "litigation expenses" include expert fees.  *See, e.g., Bowman v. Prida Constr., Inc.*, 568 F. Supp. 3d 779, 789 (S.D. Tex. 2021).